APPEALS OF S. P. WEAVER, BELLE R. WEAVER, T. L. WEAVER, AND M. E. WEAVER.

Docket Nos. 2921, 2925, 2923, 2922.  Submitted June 23, 1925.  Decided October 23, 1925.

*H. M. Snider* and *C. M. Pasquier, C. P. A's*, and *W. W. Spalding, Esq.*, for the taxpayers.

*Albert G. Miller, F. R. Curran*, and *B. G. Simpich, Esqs.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

These are appeals from the determination of deficiencies for the years 1919, 1920, and 1921, in amounts as follows:

|  | 1919. | 1920. | 1921. |
|---|---|---|---|
| S. P. Weaver | $571.61 | $1,546.47 | $36.13 |
| Belle R. Weaver | 6,685.31 | 1,546.47 | 36.13 |
| T. L. Weaver | | 1,498.67 | 29.26 |
| M. E. Weaver | 5,631.48 | 1,498.67 | 29.26 |

The above deficiencies are on the returns of S. P. Weaver and T. L. Weaver and their respective wives, and the errors alleged in the determination of the deficiencies appealed from relate to the computation by the Commissioner of the net income of a partnership in which S. P. Weaver and T. L. Weaver were associated during the taxable years. The deficiencies for the year 1921 are not in issue.

FINDINGS OF FACT.

During the taxable years in question the taxpayers, S. P. Weaver and T. L. Weaver, were associated in the exploitation of timberlands under a partnership known as Weaver Brothers, with its principal office in Shreveport, La.

Prior to the year 1919, the partnership granted the right to exploit its timberlands for turpentine to Bell and Mathis Co., and during the year 1919 received on account of the said exploitation $3,783.92. The operations of Bell and Mathis Co. were carried on on various tracts in which either the fee or timber rights were owned by the partnership in question, and directly resulted in the destruction of approximately 1,000,000 feet of timber upon such tracts. The draw-

ing of the turpentine, combined with a dry year, killed the trees and rendered them wholly worthless for cutting as timber.

The cost of the timber in question is not shown by the evidence, but its value as of March 1, 1913, was $4.40 per thousand, which was in excess of cost.

During the year 1920 the partnership granted or transferred mineral leases, some acquired after and some prior to March 1, 1913, for a consideration of $23,269. The cost of the leases purchased subsequent to March 1, 1913, was $7,576.49. The value on March 1, 1913, of the mineral in lands owned in fee by the partnership and included in the above-mentioned leases was $5,240, a total cost and value as of March 1, 1913, of $12,816.49.

In the audit of the returns of the taxpayers the Commissioner allowed, on account of loss of timber from the turpentine operation above mentioned, the amount of $592, distributed among the taxpayers, and further disallowed the entire amount of cost and March 1, 1913, value on account of the sale of mineral rights in the amount of $12,816.49. From the determination of the distributable shares of the increased income resulting from these adjustments the taxpayers appeal, alleging other errors upon which the record does not furnish sufficient facts to warrant findings.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on consent or on 20 days' notice, under Rule 50.